# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BRIONNA PENDERGRASS,**

    **Plaintiff,**

vs.                                                                              Case No.  4:18cv570-RH/CAS

**U.S. BUREAU OF PRISONS,**
**U.S. ATTORNEY GENERAL,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.  However, Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion.  An Order was entered on December 17, 2018, advising Plaintiff that if she desired to proceed with this case, she must do one or the other by January 18, 2019.  ECF No. 3.[1]  Despite being informed that a recommendation would be

---

[1] The Order also explained to Plaintiff that it appeared she desired to file this case against the Bureau of Prisoners on behalf of her father who died while in the custody of that agency.  ECF No. 3.  Plaintiff was informed that because the BOP is a federal agency, this case could not proceed on a § 1983 complaint form.  Plaintiff would be required to file an amended complaint on a *Bivens* civil rights complaint form and provide factual allegations clarifying the basis for her claims to continue.  *Id.*

made to dismiss this case if she did not comply, Plaintiff has not done so. As of this date, she has not paid the filing fee nor requested additional time in which to comply, nor has she filed an amended complaint. It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Because Plaintiff has not complied with the prior Order, ECF No. 3, and has failed to prosecute this case, dismissal is now appropriate.

Case No. 4:18cv570-RH/CAS

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 5, 2019.

     S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**